UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MARIO McKINLEY                                         CIVIL ACTION

VERSUS                                                        NO. 13-5256

TERREBONNE PARISH CRIMINAL                      SECTION "I" (5)
JUSTICE COMPLEX, ET AL.

## ORDER AND REASONS

Plaintiff, Mario McKinley, is a prisoner currently incarcerated in the Terrebonne Parish Criminal Justice Complex.  He is a frequent filer of frivolous lawsuits in this court.

McKinley filed this complaint pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Criminal Justice Complex, Warden Thomas Cope, Ms. Skidmore and Ms. Kibodeaux, alleging  that he was treated differently than a white inmate and denied a monthly indigent package consisting of writing supplies, and that the ventilation system is inadequate.  (Rec. Doc. #1, Complaint, p. 5).  Plaintiff requests monetary compensation.

With his complaint, McKinley filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that at least four of McKinley's prior § 1983 complaints in this district have been dismissed as frivolous and/or for failure to state a claim.  Those prior actions include: McKinley v. Unidentified Parties, No. 00-0729 "K"(2) (E.D. La. 2000); McKinley v. Warden Joe Null, et al., No. 00-0280 "K"(3) (E.D. La. 2000); McKinley v. Indigent Defender's Office, No. 99-3066 "S"(2) (E.D. La. 1999); McKinley v. Tom Collins, No. 99-1191 "S"(2) (E.D. La. 1999).[1]

---

[1]McKinley has also previously been denied pauper status under the three strikes provision of 28 U.S.C. § 1915(g) in connection with numerous prior complaints in this court, C.A. No. 06-9953 "I"(5), C.A. No. 06-9684 "K"(1), C.A. No. 06-6257 "K"(1), C.A. No. 05-5482 "R"(5), C.A. No. 05-5471 "S"(2), C.A. No. 00-1281"A"(4), and C.A. No. 00-1281"J"(4).

McKinley's current claims do not involve imminent danger of serious physical injury. He therefore is not entitled to proceed as a pauper pursuant to the provisions of the Prison Litigation Reform Act.

For the foregoing reasons,

**IT IS ORDERED** that Mario McKinley's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 12th day of ___August___, 2013.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE